UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Rawle Anthony Cole, | ) | C/A No. 0:04-21858-JFA |
| | ) | CR No. 0:98-1126 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent | ) | |
| _____ | ) | |

This matter is before the court on petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On April 20, 1999, a jury found petitioner guilty of conspiring to possess with intent to distribute and distributing cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and conspiring to use and carrying a firearm during and in relation to a drug trafficking offenses, in violation of 18 U.S.C. §§ 924(c) and 924(o). This court sentenced the petitioner to terms of life imprisonment and five years, to run consecutively. The Fourth Circuit affirmed petitioner's sentence. The petitioner then filed for writ of certiorari. The Supreme Court vacated the opinion and remanded for reconsideration under *Apprendi v. New Jersey*, 530 U.S. 446 (2000), which was decided after the petitioner's original sentencing. *United States v. Cole*, 531 U.S. 1109 (2001). The Fourth Circuit found no error as to issues raised regarding the petitioner's conviction, but found plain error as to his sentence based on *Apprendi*, vacated his sentence, and remanded his case for re-sentencing

1

not to exceed twenty years on the conspiracy count. No. 99-4348, 2001 WL 1614005 (4th Cir. 2001). This court re-sentenced the petitioner to a term of imprisonment of 240 months and 60 months, to run consecutively. As required by *Apprendi*, the drug sentence is within the statutorily prescribed range for an unspecified quantity of drugs, since the indictment did not specify, and the jury did not find, the actual amount of drugs which petitioner was responsible for distributing. The Fourth Circuit affirmed the new sentence on December 8, 2003.

The petitioner argues that the court violated *Apprendi* and the Fourth Circuit's instructions on remand when it imposed a sentence of 20 years on Count 1. The petitioner argues that he was sentenced to the maximum under § 841(b)(1)(A), rather that § 841(b)(1)(C). The petitioner's current 20-year sentence on Count 1 was imposed pursuant to § 841(b)(1)(C), which provides for a maximum sentence of 20 years. The petitioner was not re-sentenced to the same maximum penalty after the case was remanded by the Fourth Circuit, as he now claims. This court's original sentence was for a term of life. In addition to the 20 year sentence, this court imposed a term of 5 years of supervised release, pursuant to § 841(b)(1)(C), which provides: "Any sentence imposing a term of imprisonment under this paragraph shall . . . impose a term of supervised release of *at least* 3 years." § 841(b)(1)(C) (emphasis added). There is not a statutory maximum sentence for the term of supervised release, only a statutory minimum sentence, which is not subject to the *Apprendi* rule. *See Harris v. United States*, 536 U.S. 545 (2002). Thus, the sentence imposed by this court falls within the statutory maximum and, as such, does not violate the rule of *Apprendi*. The petitioner was not sentenced in excess of the statutory maximum allowed for the offense for

which he was charged and convicted, by a jury.

Although the petitioner cites to *Blakely v. Washington*, 124 S.Ct. 2531 (2004), to support his *Apprendi* claim, he does not assert a claim pursuant to *Blakely*, or *United States v. Booker* and *United States v. Fanfan*, 543 U.S. ___, 125 S.Ct. 738 (2005).

For the reasons contained herein, petitioner's motion to vacate, set aside, or correct his sentence is denied.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

May 19, 2005
Columbia, South Carolina